## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|                       |        |                        |
|-----------------------|--------|------------------------|
|                       | *      |                        |
| **HESMAN TALL**       | *      |                        |
|                       | *      |                        |
| *Plaintiff*           | *      |                        |
|                       | *      |                        |
| v.                    | *      | Case No.: RWT 12-417   |
|                       | *      |                        |
|                       | *      |                        |
| **MV TRANSPORTATION** | *      |                        |
|                       | *      |                        |
| *Defendant.*          | *      |                        |
|                       | *      |                        |

## MEMORANDUM OPINION

On August 25, 2011, Plaintiff Hesman Tall filed a single count wrongful termination complaint against Defendant, MV Transportation, in the Circuit Court for Prince George's County. *See* ECF No. 2 (Case No. RWT 12-cv-417) (hereinafter "Compl." or "Complaint"). The case was removed to this Court on February 10, 2012. *See* ECF No. 1 (Case No. RWT 12-cv-417). On February 17, 2012, Defendant Filed a Motion to Dismiss for Insufficient Service and Failure to State a Claim. *See* ECF No. 6 (Case No. RWT 12-cv-417). On February 21, 2012, Plaintiff filed a Motion to Strike Defendant's Notice of Removal and Remand Complaint to Prince George's County, *see* ECF No. 9 (Case No. RWT 12-cv-417), and Defendant responded on February 28, 2012. *See* ECF No. 10 (Case No. RWT 12-cv-417). On March 16, 2012, Plaintiff also filed a Motion to Strike Defendant's Motion to Dismiss. *See* ECF No. 11 (Case No. RWT 12-cv-417).[1]   Defendant filed an opposition on March 22, 2012. *See* ECF No.

---

[1] A *pro se* Plaintiff's failure to respond to a dispositive motion may result in the district court granting the motion and dismissing the case. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Because Plaintiff has yet to respond to Defendant's Motion to Dismiss, the Court will construe Plaintiff's Motion to Strike Defendant's Motion for Dismissal [ECF No. 11] as a response to Defendant's Motion to Dismiss.

12 (Case No. RWT 12-cv-417). Due to fatal deficiencies in Plaintiff's Complaint, Plaintiff's

Motions to Strike and Remand Complaint are denied, and Defendant's Motion to Dismiss is

granted.

## Background

On or about September 27, 2009, Plaintiff was hired as a Driver by Defendant, MV

Transportation, Inc.  *See* Compl., Ex. 1.  Plaintiff alleges that he was transporting a wheelchair

bound passenger on December 22, 2010.  *Id.*  Plaintiff claims that he properly secured the "tie

downs" on the passenger's wheelchair, but they were allegedly faulty, causing the wheelchair to

flip over while the vehicle was in transit.  *Id.*  As a result of this incident, Plaintiff was

terminated from his employment with Defendant on January 2, 2011.  *Id.*  Plaintiff alleges that

he was wrongfully terminated.  *See* Compl. at 1.

## Standard of Review

Defendant argues that Plaintiff is not entitled to relief on his claim as it is set forth in the

Complaint.[2]  A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the

sufficiency of the complaint.  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

Under the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement

of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. Proc. 8(a)(2).  To survive

a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state

a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)

(quotation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content

---

[2] Defendant also claims that Plaintiff's Complaint must be dismissed under Federal Rule of Civil
Procedure 12(b)(5) for failure to effect proper service of process on Defendant.  While there
appears to be some merit to this position, it is unnecessary for the Court to address it as
Defendant's argument under Federal Rule of Civil Procedure 12(b)(6) provides sufficient
justification to dismiss the Complaint.

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"—that the pleader is entitled to relief." *Id.* at 1950; *see also Simmons & United Mortg. & Loan Invest.*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (quotation and emphasis omitted).

A court must consider all well-pleaded allegations in a complaint as true, *see Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe factual allegations in the light most favorable to the plaintiff. *See Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). Nevertheless, a court is not required to accept as true "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), conclusory allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979), or "allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (internal quotation marks omitted). "Thus, in reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) a court must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." *Monroe v. City of Charlottesville*, 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009)).

## Discussion

Plaintiff's Complaint cannot survive Defendant's 12(b)(6) motion to dismiss for a number of reasons.

First, Plaintiff's wrongful termination claim, brought under a Maryland state statute, is preempted by federal law.  Specifically, Section 301 of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), governs all lawsuits "for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." The LMRA provides the exclusive remedy in litigation involving such a collective bargaining agreement ("CBA") between a labor organization and employer.  *See Birch v. Pepsi Bottling Group, Inc.*, 207 F. Supp. 2d 376, 385 (D. Md. 2002).  Any state law claim that involves the interpretation or analysis of a CBA's terms is automatically preempted by the LMRA and must be brought instead under § 301.  *See International Bhd. of Elec. Workers v. Hechler*, 481 U.S. 851, 859 (1987); *Taylor v. Giant Food Inc.*, 438 F. Supp. 2d 576, 581 (D. Md. 2006).

Under the relevant provisions of the CBA binding Defendant, Defendant has the authority to discipline or terminate employees "for just cause," including discharging any employees who engage in any of the "Serious Infractions" enumerated in the CBA.  *See* ECF No. 6, Ex. 2 (Case No. RWT 12-cv-417).  These Infractions include failing to properly secure a wheelchair, the alleged conduct giving rise to this action.  *See id.*  The adjudication of Plaintiff's claim necessarily requires consideration and evaluation of these and other terms in the CBA, thus bringing it within the auspices and pre-emptive power of § 301 of the LMRA.  *See Hechler*, 481 U.S. at 859.  Plaintiff's preempted state law claim must therefore be dismissed by this Court.

Second, even if Plaintiff had properly brought his claim under § 301, he is precluded from bringing a claim for wrongful termination because he failed to exhaust the grievances and arbitration procedures under the CBA.  Before an employee may bring a § 301 claim against his employer, he must first attempt to exhaust any exclusive grievance and arbitration procedures established by the governing CBA; failure to do so may result in the Court's dismissal of the

claim. *See Republic Steel Corp. v. Maddox,* 379 U.S. 650 (1965); *Adkins v. Times-World Corp.*,

771 F.2d 829, 831 (4th Cir. 1985).  The CBA governing Plaintiff's employment with Defendant

contained a detailed and explicit grievance and arbitration procedure and required any dispute

between an employee and Defendant to be resolved through a three-step process.  *See* ECF No.

6, Ex. 2 (Case No. RWT 12-cv-417).  Plaintiff does not allege in his Complaint, however, that he

attempted to exhaust the CBA's requisite grievance and arbitration procedures before filing this

suit.  Because Plaintiff failed to pursue his wrongful termination claim through the appropriate

channels established by the CBA, he is precluded from bringing the present action.  *See Lepore*

*v. Ramsey*, 946 Fed. Appx. 885 n. 3 (4th Cir. 1991).

Third, to the extent that Plaintiff intended or attempted to allege a claim under § 301, that

claim is time-barred by the applicable statute of limitations.  Plaintiff was terminated by

Defendant on January 2, 2011, and did not file the Complaint until August 25, 2011, over eight

months later.  *See* Compl. Ex. 1.  The statute of limitations for a § 301 breach of CBA case is six

months.  *See DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 165 (1983).  It begins

to run when an employee discovers, or should have discovered, the acts constituting the alleged

violation.  *See Simmons v. Howard Univ.*, 157 F.3d 914, 916 (D.C. Cir. 1998).  Any § 301 claim

that Plaintiff contends was contained in his Complaint, or that he has attempted to bring since,

must be dismissed because he did not bring it within the six month time limit following his

termination.

Finally, even if Plaintiff's wrongful termination claim were not pre-empted by federal

law, his state law claim must still be dismissed as a matter of law.  In the absence of a contract

specifying a definite term of employment, Maryland's at-will employment policy dictates that

either employee or employer may end the relationship at any time.  *See Adams v. Catalyst*

*Research*, 659 F. Supp. 163, 164 (D. Md. 1987).  Consequently, a wrongful termination claim may only be brought under Maryland law if discharging the employee violated "a clear mandate of public policy," and the relevant public policy is identified by the plaintiff.  *Adler v. Am. Std. Corp.*, 91 MD. 31, 47 (1981); *Szaller v. Am. Nat'l Red Cross*, 293 F.3d 148, 151 (4th Cir. 2002).  Plaintiff has alleged no public policy that was violated by his termination; his Complaint is thus insufficient and must be dismissed.  *See Porterfield v. Mascari II, Inc*., 142 Md. App. 134, 137 (2002).

## Conclusion

For the aforementioned reasons, Defendant's Motion to Dismiss shall be granted. Plaintiff's Motion to Remand and Motions to Strike Defendant's Motion to Dismiss and Notice of Removal are also accordingly denied.  A separate Order follows.


Date: <u>September 27, 2012</u>                                 <u>        /s/        </u>
                                                                                ROGER W. TITUS
                                                                                UNITED STATES DISTRICT JUDGE